IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRETA SLOUGH, | : | CIVIL NO. 1:12-CV-1820 |
| Plaintiff, | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson |
| REDNER'S MARKETS, INC., | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction

This employment discrimination case, which comes before the court on a summary judgment motion filed the defendant (Doc. 15), presents a question regarding the timeliness of the filing of the plaintiff's complaint. This issue comes before the court on a legal background which is a model of clarity, but is cast against a factual backdrop which is marked by disputed factual assertions, albeit disputed facts which generally support the timeliness of this filing. Accordingly, for the reasons set forth below, it is recommended that this summary judgment motion be denied.

### II.  Statement of Facts and of the Case

Withe respect to the issue of the timeliness of this complaint the pertinent facts can be simply stated: On August 11, 2010, Greta Slough filed Allegations of Employment Discrimination against Redner's Markets, Inc., with the U.S. Equal

1

Employment Opportunity Commission (the "EEOC"), claiming sex discrimination under Title VII of the Civil Rights Act ("Title Vll"). (Doc. 15, Exhibit l.) At the time that she submitted this allegation to the EEOC Slough resided at 31 Legion Drive, Apartment 2, Bethel, Pennsylvania, 19507. Subsequently, on September 2, 2010, Slough filed a Notice of Charge of Discrimination with the EEOC. (Id., Exhibit 4.) That same day, the EEOC issued an acknowledgment receipt to Slough addressed to the Legion Drive Address in Bethel, which Slough had previously provided to the EEOC. This receipt from the EEOC provided in part, that:

> While your charge is pending, please notify us of any change in your address, or where you can be reached if you have any prolonged absence from home. Your cooperation in this matter is essential.

(Id.)

While this matter remained pending before the EEOC, Slough changed her address on several occasions. For example, in February of 2011, Slough briefly resided at 1 N. Tulpehocken Street, Pine Grove, Pennsylvania. (Doc. 20-1.)The EEOC apparently received notice of this change of address since that agency subsequently addressed correspondence to Slough at this Pine Grove address. (Id.) Later, Slough moved to yet another new address, 8336 Lancaster Avenue, Bethel Park, Pennsylvania, 19507.

On May 17, 2012, while this matter was pending before the EEOC, Slough represents that she sent a letter to the EEOC, advising that agency of a change in her

address from 31 Legion Drive, Apartment 2, Bethel, Pennsylvania, 19507 to 8336 Lancaster Avenue, Bethel Park, Pennsylvania, 19507. (Doc. 20-1.) Slough has represented that she also notified postal authorities of this change of address, and independent documentation in the form of postal mail forwarding notices confirms that Slough timely advised the post office that her address had changed in May 2012.

Five days after Slough alleges that she sent this change of address notification to the EEOC, on May 22, 2012, the EEOC issued a Right-To-Sue letter to Slough, closing her administrative complaint. (Doc., 15, Exhibit l7.) According to the envelope from the EEOC appended by Slough to her response to this summary judgment motion, the EEOC addressed the letter to Slough at 1 N. Tulpehocken Street, Pine Grove. (Doc. 20-1.) While this letter was dated May 22, 2012, the envelope Slough received from the EEOC, which has been tendered to the court, indicates that this letter was first placed in the mail to the Pine Grove address where Slough formerly resided on June 6, 2012. (Id.) Moreover, this envelope indicates that postal authorities then forwarded the EEOC correspondence to Slough at her Lancaster Avenue address in Bethel Park on June 14, 2012. (Id.) Slough represents that she then received the letter on June 16, 2012.

Slough filed the complaint in this matter on September 11, 2012, 89 days after the EEOC Right-to-Sue letter was forwarded to her by postal authorities to her then current address on June 14, 2012. (Doc. 1.)

## II. Discussion

### A. Rule 56–The Legal Standard.

The defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown

that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

  Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Similarly, it is well-settled that: "[o]ne

5

cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F.App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. Of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple University, 697 F.2d 90, 96 (3d Cir. 1982)."[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

### B. Disputed Factual Issues Preclude Summary Judgment on Timeliness Grounds in This Case

Citing the fact that the EEOC's correspondence to Slough was dated by that agency on May 22,2012, more than 90 days prior to the filing of this lawsuit, in its summary judgment motion Redner's argues that Slough's complaint is untimely filed since the defendant asserts that Slough failed to file her complaint within 90 days of receipt of the EEOC's dismissal of his charge of discrimination. (Doc. 15.)

Redner's argument would have compelling and dispositive force if the date

affixed by the agency on its correspondence controlled here. Unfortunately for Redner's, the agency's dating of its letter does not control this issue of timeliness. Rather, it is well-settled under Title VII that a complaint raising allegations that Title VII was violated must be filed in the District Court within 90 days of Plaintiff's *receipt* of a right-to-sue letter from the EEOC. 42 U.S.C. 2000e-5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Thus, in order to maintain a claim for relief in federal court under Title VII, a plaintiff must file a complaint within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984); Burgh v. Borough City Council of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

Therefore, the actual receipt of the right-to-sue correspondence from the EEOC, and not the date affixed to the letter by the agency, is what controls in calculating the timeliness of a complaint following the conclusion of the agency's inquiry. Indeed, as one court has aptly observed in this regard, the 90-day period set by Title VII begins to run on the date "the complainant *receives* the right-to-sue letter." Id. (citations omitted)(emphasis added.) This 90-day filing period operates as a statute of limitations in Title VII cases and is not subject to extension, except where equitable considerations are found to apply. Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1986); see also Burgh, 251 F.3d at 470 ("[I]n the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed.").

Focusing on the factual record as it relates to the receipt of this correspondence by Slough, we find that summary judgment is not appropriate here, since, at best, the factual record reveals disputes regarding when this letter was received, and in fact the evidence preponderates in favor of Slough on this question of the timeliness of the filing of her complaint. Thus, Slough has presented evidence which shows that she timely notified the EEOC of changes in her mailing address while this matter was pending before that agency. Slough's assertions are supported by a copy of a letter which she represents she sent to the agency on May 17, 2012, notifying the EEOC of her change of address to the Lancaster Avenue address in Bethel Park. Slough's claims in this regard are also independently verified and buttressed by the envelope which contained the EEOC's May 22, 2012 correspondence to the plaintiff. That envelope reflected a prior address used by Slough, and thus indicates that the EEOC had received some prior change of address notifications from the plaintiff. Therefore, the evidence in this case generally shows diligence on Slough's part notifying the EEOC of changes in her address while this matter was pending before that agency.

The disputed evidence also preponderates in favor of Slough's position that she filed her complaint within 90 days of her actual receipt of this correspondence from the EEOC. In this regard, once again, the envelope tendered by Slough is telling proof in support of her position. That envelope reveals that, notwithstanding the May 22, 2012 date affixed by the EEOC to its letter, this correspondence was first post-marked on

June 6, 2012, and was sent to a Pine Grove address where Slough had previously resided. The envelope then bears a postal forwarding notice, dated June 14, 2012, forwarding the letter to what was then Slough's current address, 8336 Lancaster Avenue, Bethel Park, Pennsylvania. Slough's complaint was subsequently filed on September 11, 2012, 89 days after the post office forwarded this letter to her at her correct address.

Simply put, on these facts, which are fully supported by evidence in the record, it appears that Slough's complaint was filed within 90 days of her receipt of the right-to-sue letter. Since these factual considerations preclude any judgment as a matter of law on this issue, the defendant's motion for summary judgment should be denied.

### III.  Recommendation

For the forgoing reasons, IT IS RECOMMENDED THAT Defendant's motion for summary judgment (Doc. 15) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of April, 2013.

                                        ***S/Martin C. Carlson***
                                        Martin C. Carlson
                                        United States Magistrate Judge