# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRETA S. SLOUGH,** | : | **CIVIL ACTION NO. 1:12-CV-1820** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **REDNER'S MARKETS, INC.,** | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

AND NOW, this 12th day of September, 2013, upon consideration of the report and recommendation of United States Chief Magistrate Judge Martin C. Carlson (Doc. 24), recommending that defendant's motion for summary judgment (Doc. 15) be denied, and, after an independent review of the record, and noting that defendant filed objections[1] (Doc. 25) to the report on May 3, 2013, and that plaintiff filed a response (Doc. 27) to defendant's objections on May 16, 2013, and the court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and the court further

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

finding defendant's objections to be without merit[2] and squarely addressed by Judge Carlson's report, it is hereby ORDERED that:

1. The report of Chief Magistrate Judge Carlson (Doc. 24) DENYING defendant's motion for summary judgment is ADOPTED in its entirety.

2. Defendant's motion for summary judgment (Doc. 15) is DENIED.

3. A revised case management schedule will issue by separate order.

      /S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania

---

[2] Defendant posits that Judge Carlson erred by failing to directly address its contention that service of a right-to-sue letter upon a complainant's counsel, regardless of whether the complainant herself received notice, constitutes sufficient service to trigger the prescribed 90-day limitations period. (Doc. 25, ¶ 1 (relying on Loubriel v. Fondo Del Seguro Del Estado, 694 F.3d 139, 142 (1st Cir. 2012) ("[N]otice to the attorney is notice to the claimant."))). The court observes, however, as Judge Carlson likewise did, that there remain several genuine disputes of material fact as to whether and when plaintiff or her counsel received their notice of right-to-sue letters. Any resolution of the notice issue at this juncture would thus be premature.